UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA PEREZ,

                Petitioner,

        -against-

DEPARTMENT OF THE TREASURY;
INTERNAL REVENUE SERVICE; TIGATA
TREASURY AHERNEY GENERAL
INSPECTOR,

                Respondents.

1:26-CV-4160 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Angela Perez, also known as Angela Perez Dowling, of Harrison, New Jersey, brings this *pro se* action against the Department of the Treasury ("DOT") and against what appear to be the Internal Revenue Service ("IRS") and "Tigata Treasury Ahearney General Inspector" ("Tigata"). The Court construes Petitioner's complaint as seeking a tax refund from the United States of America under 28 U.S.C. § 1346(a)(1). For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.[1]

## DISCUSSION

Venue for Petitioner's claims under 28 U.S.C. § 1346(a)(1) is governed by 28 U.S.C. § 1402(a). *In re Tax Refund Litigation*, 723 F. Supp. 922, 924 (E.D.N.Y. 1989); *see Perez v. IRS*, No. 1:26-CV-3665 (LTS), 2026 WL 1292797,at *1 (S.D.N.Y. May 8, 2026). Under Section 1402(a)(1), a civil action brought by an individual may be brought "in the judicial district where

---

[1] Because Petitioner reveals in her complaint what appears to be the complete date of birth of her adult son, which normally should only be referred to by revealing her son's birth year, *see* Fed. R. Civ. P. 5.2(a)(2), the Court has directed the Clerk of Court to restrict electronic access to the complaint.

plaintiff resides." 28 U.S.C. 1402(a)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Here, Petitioner[2] alleges that she resides in New Jersey. (ECF 1, at 13.) Because Petitioner alleges no facts suggesting that she resides in this judicial district, it is clear from the face of the complaint that venue is not proper in this court under Section 1402(a)(1).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Petitioner resides in New Jersey, which constitutes one federal judicial district, the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the United States District Court for the District of New Jersey, and in the interest of justice, the Court transfers this action to that court.[3] *See* § 1406(a).

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1406(a). Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the

---

[2] For the purposes of this order, the Court regards Petitioner Angela Perez as Plaintiff and Respondents DOT, IRS, and Tigata as Defendants.

[3] While the Court construes this action as seeking a tax refund from the United States of America under 28 U.S.C. § 1346(a), to the extent that Petitioner asserts claims against the individual Respondent, a DOT official, in his/her official capacity, it seems that the United States District Court for the District of New Jersey would also be a proper venue for such claims because the alleged events appear to have occurred in New Jersey and because Petitioner resides there. *See* 28 U.S.C. § 1391(e)(1)(B), (C). Petitioner does not allege where the individual Respondent resides, for the purpose of determining venue under Section 1391(e)(1)(A), but also alleges nothing to suggest that this court would be a proper venue for such claims.

transferee court. Summonses shall not issue from this court. This order closes this action in this court.[4]

The Court certifies, under 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 1, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] The Court notes that, by order dated May 26, 2026, the court recounted Petitioner's history of filing non-meritorious *pro se* civil actions in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court *in forma pauperis* without first obtaining the court's permission. *Perez v. US Treasury Inspector Gen.*, ECF 1:26-CV-4161, 5 (S.D.N.Y. May 26, 2026).